**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TITUS MARK BRYANT,

Defendant - Appellant.

No. 15-30179

D.C. No. 1:14-cr-00094-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Titus Mark Bryant appeals from the district court's judgment and challenges the 60-month sentence and a special condition of supervised release imposed following his guilty-plea conviction for three counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm the sentence, vacate the special condition of supervised release, and remand for further proceedings.

Bryant contends that the sentence is substantively unreasonable in light of his post-offense rehabilitation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Bryant's criminal history, the need to protect the public, and the seriousness of the offense. *See Gall*, 552 U.S. at 51.

Bryant also contends, and the government concedes, that remand is required because the district court failed to provide advance notice of its intent to impose a special condition of supervised release requiring Bryant to comply with the violent offender registration requirements of any state in which he resides. We agree. *See United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004) ("Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines, notice is required before it is imposed."). Accordingly, we vacate the condition and remand to permit the district court to determine whether to reimpose the condition. If the court chooses to reimpose the condition, it shall provide adequate notice to the parties so that an objection can be made. We express no view as to whether the challenged condition is appropriate in this case.

**AFFIRMED in part; VACATED in part; and REMANDED.**